(65 App. Div. 208.)

### DEISLER v. DEISLER.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

DIVORCE—TEMPORARY ALIMONY—COUNSEL FEES—BAD FAITH.

Where plaintiff sues for divorce on the ground of cruelty, and it appears that in a former action, based on slightly different grounds, but in which the allegations of the present complaint might have been proven, plaintiff had acquiesced in a judgment holding her guilty of misconduct sufficient to justify abandonment, covering the same period as that covered by the acts now relied on, there is such evidence of bad faith that plaintiff is not entitled to counsel fees or alimony, except to an amount necessary for the support of her children who remain in her custody.

Appeal from special term, New York county.

Action by Lizzie Deisler against Gustav Deisler. From an order awarding plaintiff alimony and counsel fees, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Theodore Baumeister, for appellant.
Nathaniel Cohen, for respondent.

HATCH, J. This action is brought by the plaintiff against her husband to procure a separation on the ground of his cruel and inhuman treatment. It appears from the papers submitted upon this appeal that the plaintiff, in November, 1899, commenced an action against this defendant in the supreme court, based upon the ground that the defendant had abandoned the plaintiff, his home and children, and had refused and neglected to provide for

her and their support and maintenance, or to contribute thereto in any manner. The venue of such action was laid in the county of Kings. The defendant answered by admitting most of the allegations of the complaint, except as to the amount of his income, but interposed a separate and distinct defense, averring conduct on the part of the plaintiff which justified him in leaving her, and from further contributing to her support. A trial was had in the county of Kings, which resulted in a judgment in favor of the plaintiff. From this judgment the defendant appealed to the appellate division in the Second department, and, after argument, that court reversed the judgment, holding that the evidence fully and completely established the defendant's defense of justification, and that the defendant was under no legal obligation to contribute to the support of the plaintiff; and, as the defendant had offered to support and care for the children of the marriage, the judgment was wholly reversed, without conditions respecting their support and maintenance. Upon motion in that case the court had made an order awarding to the plaintiff therein the sum of $100 as counsel fee, and alimony at the rate of $20 per week. The defendant paid the counsel fee, and continued to pay the alimony down to the date of the reversal of the judgment by the appellate division. In this judgment of reversal the plaintiff acquiesced, as she has taken no appeal therefrom. Thereafter the defendant made a motion to be relieved from the further payment of alimony, which motion was granted. At the same time the plaintiff made a motion to amend her complaint. This motion was denied at special term upon the ground that to grant the same would only prolong a litigation wherein the plaintiff would not have any reasonable prospect of success, and also for the reason that the court doubted the good faith of the application. Subsequently the plaintiff made an application to discontinue the action without costs, and the motion was denied. The case was thereafter restored to the calendar, and when reached the plaintiff asked that it be dismissed. Presumably that was done, but no judgment of dismissal has ever been made or entered. Shortly after, in June, 1901, the plaintiff commenced this action, based upon the ground of cruel and inhuman treatment. An examination of the complaint shows that the several acts relied upon to establish plaintiff's cause of action cover the same period of time in which the plaintiff was alleged to be guilty of misconduct, which justified the defendant in his abandonment of her. The defendant has interposed an answer to this action, in which he denies the averments of the complaint, and, for a separate and distinct defense, sets up misconduct upon the part of the plaintiff, and demands an affirmative judgment that he be granted a separation from the plaintiff forever, and that he be awarded the custody of the children of the marriage. In the present case the plaintiff made a motion for alimony and counsel fees, which motion was granted, and the defendant was directed to pay to the plaintiff the sum of $20 per week as alimony, and the sum of $100 as counsel fee. From such order this appeal is taken.

　　We are of the opinion that the order for counsel fee ought not

to be sustained, and that the amount of alimony awarded should be reduced to the sum of $15 per week for the support of the children only. We think that evidence of bad faith upon the part of the plaintiff sufficiently appears to justify this conclusion. It is evident that upon the trial which was had in Kings county the relations between these parties, their differences, and the grounds thereof, were fully investigated. It is apparent that, if the defendant had been guilty of cruel and inhuman treatment of the plaintiff, little basis would exist for his justification for abandonment. The matters which form the substantive allegations of the present complaint were the subject of proof in such action, and the learned court who tried the same, while constrained to order judgment for the plaintiff, nevertheless characterized her acts as imprudent, and of such a character as to subject her to criticism. While the opinion of the learned appellate division in the Second department (Deisler v. Deisler, 59 App. Div. 207, 69 N. Y. Supp. 326) regarded her conduct as abundant justification for the acts of the defendant, and such view seems to have been shared by the learned judge who denied the application to amend the complaint, we think it is fairly established by the papers appearing in the present action, and the proceedings which have been had, that the plaintiff has instituted her present action in this department in order to escape the result of the judgment which has been pronounced upon her conduct by the supreme court sitting in Kings county. Under such circumstances we do not think a case has been made which ought to impose the burden upon the defendant of paying the costs of the present litigation, for by a judgment of the supreme court he stands acquitted of misconduct, and so long as such judgment stands he is under no obligation to support the defendant. He is, however, under an obligation to support his children. They are now in the custody of the mother, but such fact does not relieve him from the obligation to support and maintain them. To accomplish that purpose, we feel constrained to affirm this order, reducing the alimony to $15 per week, which is the sole reason upon which an award of alimony at this time ought to be made.

It follows that the order should be modified by directing the defendant to pay to the plaintiff, weekly, the sum of $15 for the support and maintenance of the children, and by striking out the allowance of the counsel fee, and, as so modified, the order should be affirmed, without costs of this appeal to either party. All concur.