DRURY L. SCHOONHEIM, Respondent, v. LAMBERTUS R. P. SCHOONHEIM, Appellant.— In an action by a wife for a judicial separation, the husband appeals (1) from an order of the Supreme Court, Kings County, dated January 3, 1964, which granted the wife's motion for temporary alimony and counsel fees; and (2) from an order of said court, dated February 21, 1964, which denied his motion to resettle the order of January 3, 1964 so as to recite the record on a prior separation action between the parties. Orders reversed, without costs; motion for resettlement granted; and motion for alimony and counsel fee denied. It was error to deny resettlement, since the record referred to was submittted to the court by the husband in opposing the wife's motion. Before a wife may be granted alimony and counsel fees *pendente lite* there must be (a) proof that the wife is unable to support herself from her own funds while the action is pending; and (b) proof of the husband's ability to pay the alimony requested (*Haas* v. *Haas*, 271 App. Div. 107; Grossman, Domestic Relations, p. 626). The moving papers must also show some reasonable probability of success (*Barber* v. *Barber*, 11 A D 2d 561; *Seltzer* v.

*Seltzer*, 16 A D 2d 836, mot. for rearg. den. 16 A D 2d 984). In our opinion, the record before us satisfies none of these requirements. Plaintiff has no children and she nowhere alleges that she is either without funds or unable to find employment. Plaintiff does not deny defendant's allegation that, when she left him, she took $60,000 worth of jewels and furs. In a separation action which was resolved adversely to plaintiff only a few months before she brought the action now before us, the court found that the defendant became financially embarrassed in attempting to maintain plaintiff in the manner she thought appropriate; and the court further found that plaintiff was then a "confused person"; and that she "refused to face the changing financial situation." These findings augur ill for plaintiff's success in the present action (see *Deisler* v. *Deisler*, 65 App. Div. 208). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.